# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEVEN JIMMY RAY HALLMARK,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-22-284-G ) |
| **STEVEN HARPE,** | ) ) |
| Respondent.[1] | ) |

## ORDER

Petitioner Keven Jimmy Ray Hallmark, a state prisoner appearing pro se, seeks federal habeas corpus relief under 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). The matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1).

Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 8), recommending that the Petition be dismissed upon preliminary review as untimely filed. *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. Petitioner timely filed a written Objection (Doc. No. 9). Thus, the Court must make a de novo determination of those portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The current director of the Oklahoma Department of Corrections is hereby substituted as Respondent. *See* Fed. R. Civ. P. 25(d), 81(a)(4).

I.   *Background*

The factual and procedural background is summarized in the R. & R. Petitioner was convicted after a bench trial of first-degree murder in the District Court of Lincoln County, Oklahoma. Pet. at 1; *see State v. Hallmark*, No. CF-2013-208 (Lincoln Cnty. Dist. Ct.).[2] On August 24, 2015, Petitioner was sentenced to life imprisonment. Pet. at 1.

Petitioner appealed, and on October 11, 2016, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction and sentence. *See* Pet. at 2; *Hallmark v. State*, No. F-2015-772 (Okla. Crim. App.).

In 2021, Petitioner filed an application for postconviction relief in the trial court. The trial court denied relief on August 6, 2021. *See* Pet. Ex. 1 (Doc. No. 1-1). The OCCA affirmed this disposition on January 4, 2022. *See* Pet. Ex. 2 (Doc. No. 1-2). Petitioner then filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in this Court on April 4, 2022.

II.   *The Report and Recommendation*

Petitioner brings several claims for relief, all premised upon the proposition that the State of Oklahoma lacked jurisdiction to prosecute or convict him on the underlying criminal charge. *See* Pet. at 3-12 (citing *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020)).

As noted by Judge Erwin, a one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period generally runs from the date on

---

[2] The state-court dockets are publicly available at https://www.oscn.net.

which the state-court judgment became "final" under § 2244(d)(1)(A).  *Id.* § 2244(d)(1)(A); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

As noted, the OCCA disposed of Petitioner's direct appeal on October 11, 2016. Petitioner did not seek review in the United States Supreme Court. Therefore, his criminal conviction became final for § 2244(d)(1)(A) purposes 90 days later—i.e., on or about January 9, 2017. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); Sup. Ct. R. 13(1). Consequently, pursuant to § 2244(d)(1)(A), Petitioner's one-year statute of limitations began to run the following day, and—absent tolling or an exception—expired on or about January 10, 2018. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).

Judge Erwin therefore concluded that this habeas action was untimely filed under 28 U.S.C. § 2244(d)(1)(A). *See* R. & R. at 4. The R. & R. further determined that no tolling or exception applied and so the claims raised in the Petition should be dismissed. *See id.* at 5-8; *see also Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008).

### III.   Petitioner's Objection

Liberally construed, Petitioner objects that the deadline prescribed by 28 U.S.C. § 2244(d)(1) does not apply because his habeas claims are challenging the State of Oklahoma's lack of jurisdiction over his criminal prosecution and the State's knowledge of that lack of jurisdiction. *See* Pet'r's Obj. at 1-2, 11 (citing *Seymour v. Superintendent of Wash. State Penitentiary*, 368 U.S. 351 (1962)). Petitioner's argument is unavailing. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d

3

921, 924 (10th Cir. 2008). "As with any other habeas claim," however, § 2254 claims predicated on the convicting court's lack of jurisdiction are "subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011); *accord Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *9 & nn.15-16. Accordingly, district courts consistently hold that § 2244(d)'s timeliness limitations apply to habeas actions seeking relief on this basis. *See, e.g.*, *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021); *Harcourt v. Dennis*, No. CIV-22-113-PRW, 2022 WL 2665957, at *5-6 (W.D. Okla. July 11, 2022).

Petitioner also argues that the proper limitations period is that prescribed by 28 U.S.C. § 2244(d)(1)(D), which runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see* Pet'r's Obj. at 8-9. In support, Petitioner states that he was not aware of the extant legal authority supporting his jurisdictional challenge until later informed by a prison law clerk of such authority. *See* Pet'r's Obj. at 9.

"The test under § 2244(d)(1)(D) is not when the petitioner obtained actual knowledge of the basis for his claims, but rather the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence." *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) (emphasis omitted). The discovery of the legal significance or potential legal significance of a fact does not trigger a new start date for the statute of limitations under § 2244(d)(1)(D). *See, e.g.*, *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *5 (W.D. Okla. Sept. 15, 2021) (R. & R.), *adopted*, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021). Further, the Tenth Circuit has held

4

in a related context that the *McGirt* decision "is not a newly discovered 'factual predicate.'" *In re Glaze*, No. 22-6000 (Order of Jan. 19, 2022, at 2 n.1 (quoting 28 U.S.C. § 2244(b)(2)(B)(i)).

Finally, Petitioner argues that his incarcerated status and lack of legal training should allow him additional time to comply with filing deadlines. *See* Pet'r's Obj. at 9-10. The § 2244(d)(1) filing deadline may be equitably tolled in "extraordinary circumstances." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (internal quotation marks omitted). To be entitled to equitable tolling, Petitioner must demonstrate both "extraordinary circumstances preventing timeliness" and "diligent pursuit of his claim." *Id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). A petitioner's lack of knowledge of the law, incarcerated status, or difficulty accessing legal resources generally does not constitute extraordinary circumstances that warrant equitable tolling, however. *See Marsh*, 223 F.3d at 1220; *Porter v. Allbaugh*, 672 F. App'x 851, 856-57 (10th Cir. 2016). Petitioner has not shown that he is entitled to equitable tolling in this matter.

For all these reasons, Petitioner's objections are overruled. This habeas action is untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.

IV. *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas

petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA shall be denied.

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 8) is ADOPTED, and the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as untimely filed.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 11th day of April, 2024.

_____
CHARLES B. GOODWIN
United States District Judge